*Electronically Filed*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION AT PIKEVILLE**
**CIVIL ACTION NO. 7:09-CV-89-KKC**

**ALISHA BREWER**                                                                                         **PLAINTIFF**

**VS.**

**CORRECTIONS CORPORATION OF AMERICA, ET AL.**          **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF**
**MOTION OF DEFENDANTS**
**CORRECTIONS CORPORATION OF AMERICA,**
**JEFF LITTLE, JOHN D. FERGUSON AND TONY GRANDE**
**TO DISMISS THIS ACTION**

Come the Defendants, Corrections Corporation of America (hereinafter "CCA"), Jeff Little, John D. Ferguson, and Tony Grande, and propound the following Memorandum in support of their Motion to Dismiss this action.

**FACTS**

The Plaintiff Alisha Brewer is a Kentucky inmate who at the times relevant to her complaint in this action was incarcerated at the Otter Creek Correctional Center (hereinafter "Otter Creek"), Wheelwright, Kentucky, which is a private prison which is owned and operated by CCA. CCA is contracted with the Commonwealth of Kentucky to house Kentucky female inmates. Ms. Brewer was incarcerated in the Kentucky corrections system at the Kentucky Correctional Institution for Women ("KCIW") until she was transferred to Otter Creek on January 10, 2008. She remained incarcerated at Otter Creek until being transferred back to KCIW on September 18, 2008. See Affidavit of Eddie Newsome, attached as Exhibit 1.

Brewer alleges in her complaint that while incarcerated at Otter Creek on July 3, 2008 Corrections Officer Kevin Younce threatened her and raped her. Based upon that alleged event, Brewer filed this action against multiple defendants including the movants herein as well as Kevin Younce and the Commonwealth of Kentucky, d/b/a Department of Corrections. Brewer claims violations of her civil rights, violation of duties under several state law tort claims, violation of her rights to equal protection, violation of the Convention Against Torture, and violation of the International Covenant on Civil Rights and Political Rights.

Otter Creek had in place in July, 2008, and continues to have in place, an inmate grievance procedure. As a contracting party with the Kentucky Department of Corrections, Otter Creek/CCA uses the inmate grievance procedure of the Kentucky Department of Corrections as attached to the Affidavit of Shawna Newsome (Exhibit 2, A hereto). As the Court can see, the inmate grievance process requires that the grievance be in writing and that it shall be filed within five (5) working days after the incident occurs. (Inmate Grievance Procedure, pp. 7 and 8, J(1)(a)(1) and (2)). Once the grievance process is initiated, an informal resolution will be attempted. If that is not satisfactory, a grievance committee hearing will be conducted. Appeals may be taken from that grievance committee hearing to the Warden. (Inmate Grievance Procedure, p. 12, paragraph 3 (Step 3 – Appeal to Warden)). If Step 3 does not resolve the grievance to the satisfaction of the grievant, then an appeal may be made to the Commissioner of Corrections (Inmate Grievance Procedure, p. 12, paragraph 4 (Step 4 – Appeal to Commissioner)). If the grievance involves allegations of staff sexual misconduct, as would be the case here, then pursuant to the policy the stages of informal resolution and grievance committee hearing are bypassed and the grievance is directed to the Warden, Step 3 (Inmate Grievance Procedure, p. 10, at top of page, paragraph 9). If the grievant is not satisfied with the

resolution of the grievance in Step 3, then the grievant may pursue this matter through an appeal to the Commissioner, Step 4.

Plaintiff Brewer was a frequent user of the grievance process while incarcerated at Otter Creek. During the time that she was incarcerated at Otter Creek (January 10, 2008 through September 18, 2008) Brewer filed nine (9) grievances. (See Affidavit of Shawna Newsome, Exhibit 2, B hereto). Prior to the alleged rape on July 3, 2008, Ms. Brewer had filed one grievance on June 9, 2008, regarding a conflict with staff. After July 3, 2008, she filed eight grievances. Those dates and subject matters were: July 24, 2008 (Legal Services); August 1, 2008 (Legal Services); August 1, 2008 (Housing Assignments); August 4, 2008 (Telephone Calls); August 12, 2008 (Conflict w/staff); August 15, 2008 (Department Regulation); August 15, 2008 (Transfers); and August 22, 2008 (Mail). None of those grievances filed, however, involved staff member Kevin Younce or in any way involved allegations of assault, sexual assault or any similar subject matter. At no time did Ms. Brewer file any grievance regarding the alleged actions of Kevin Younce on or about July 3, 2008 or any of the purported acts or failures to act on the part of the Defendants in this action. Brewer therefore failed to file any grievance regarding the subject matter of this lawsuit. Brewer was incarcerated at Otter Creek for approximately 2-1/2 months after the alleged incident with defendant Younce. She obviously had ample opportunity to file a grievance pursuant to the policy had she desired to do so.

## **ARGUMENT**

The failure of Brewer to have filed an institutional grievance regarding the subject matter of this action requires the dismissal of this complaint against these Defendants. The Prison Litigation Reform Act (hereinafter "PLRA") was a statute passed in 1995 which governs suits

filed by prisoners and requires prison inmates to exhaust all available administrative remedies before bringing an action in court regarding their prisoner complaints.

    (a)    Applicability of administrative remedies

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997(e)(a).

As the Supreme Court stated in *Jones v. Bock*, 549 U.S. 199, 211, "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." (citing *Porter v. Nussle,* 534 U.S. 516, 524 (2002)). See also *Woodford v. Ngo,* 548 U.S. 81 (2006). The purpose of the PLRA is succinctly stated in the opening paragraph of Chief Justice Roberts' Opinion in *Jones v. Bock*. "In an effort to address the large number of prisoner complaints filed in federal court, Congress enacted the Prison Litigation Reform Act of 1995 (PLRA)." *Jones*, 549 U.S. at 202. "We have identified the benefits of exhaustion to allow a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved and improving litigation that does occur by leading to the preparation of a useful record." *Jones,* 549 U.S. at 219. In deciding the issues in *Jones,* the Supreme Court stated "all [Courts of Appeals] agree that no unexhausted claim may be considered." *Jones,* 549 U.S. at 220. Section 1997(e)(a) provides that "No action shall be brought" unless administrative procedures are exhausted. *Jones,* 549 U.S. at 220.

While the PLRA provides the requirement that prisoners exhaust all available administrative remedies for complaints regarding "prison conditions," the United States Supreme Court has held that that includes all suits brought by prisoners, including those that are similar to

4

the claims of Brewer in this action. A state inmate who allegedly was beaten by corrections officers without justification, filed suit asserting state law claims for assault and battery and claims under 42 U.S.C. §1983 for constitutional violations. The United States Supreme Court stated: "We hold that the PLRA's exhaustion requirement applies to *all inmate suits about prison life*, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002). (emphasis added).

Although Otter Creek is a private prison, owned by the Defendant CCA, the PLRA is applicable to privately owned prisons as held by the United States Court of Appeals for the Sixth Circuit. *Boyd vs. Corrections Corporation of America,* 380 F.3d 989, 994 (6th Cir. 2004).

As previously set forth in this Memorandum, there was a grievance procedure in place at the time of the events alleged by Brewer and she failed to file any grievance regarding those events. There is no question that Brewer knew how to use the grievance process and that in this case she failed to do so. There was no use of the grievance process whatsoever. Accordingly, it is clear that no action may be brought by Brewer and her Complaint must be dismissed.

    Respectfully submitted,

/s/ G. Edward Henry, II, Esq.
G. Edward Henry, II
Kara Read Marino
Adrienne G. Thakur
HENRY WATZ GARDNER &
SELLARS, PLLC
401 West Main Street, Suite 314
Lexington, Kentucky  40507
Telephone:    859-253-1320
Facsimile:     859-255-8316
E-Mail:        geh@hwgsg.com
ATTORNEYS FOR DEFENDANTS

F:\GEH\CCA\OCCC\BREWER\PLEADINGS\Memorandum in Support of Motion to Dismiss 07-17-09 KEO.doc